JESÚS MARÍA RÍOS BRIONES, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 246. Argued April 10, 1950.—Decided April 24, 1950.

*Carlos D. Vázquez* and *Arnaldo P. Cabrera* for petitioner. *Vicente Géigel Polanco, Attorney General, J. B. Fernández Badillo,* and *José A. García Malpica, Assistant Attorney Generals,* for intervener, respondent in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The taxpayer filed a complaint in the Tax Court praying for reversal of the action of the Treasurer in notifying him of an income tax deficiency. The Tax Court dismissed the complaint for lack of jurisdiction on the ground that it was filed too late. We granted certiorari on petition of the taxpayer to review this decision.

We have before us two motions. The first is a motion filed by the taxpayer in aid of our jurisdiction. He alleges that the Treasurer has notified him that he (the Treasurer) has proceeded to collect the deficiency in question by taking this sum out of the cash bond furnished by him to the Treas-

urer. The taxpayer prays that we order the Treasurer to restore the money to the cash bond and to refrain from assessing and collecting the deficiency until we have decided the question raised by his petition for certiorari.

The second motion was filed by the Treasurer and requests us to dismiss the proceeding on the ground that we lack jurisdiction because the taxpayer failed to pay the deficiency before filing the petition for certiorari. As the latter motion raises a jurisdictional question, we shall pass on it prior to discussing the motion of the taxpayer.

██ The Treasurer concedes that before 1949 when the Tax Court dismissed a complaint involving a deficiency for lack of jurisdiction, the taxpayer was entitled to petition us for certiorari without paying the deficiency notified by the Treasurer. This was because § 76 of the Income Tax Act required payment to invoke our jurisdiction only when "a taxpayer should not agree with a deficiency . . . determined" by the Tax Court, and a decision of the Tax Court dismissing a complaint for lack of jurisdiction is not a determination of a deficiency by that Court. *González Padín Co.* v. *Tax Court*, 67 P.R.R. 204; *Irizarry* v. *Tax Court*, *ante*, p. 178. But the Treasurer argues that the Legislature changed this rule by amending § 57(b) of the Act in Act No. 230, Laws of Puerto Rico, 1949.[1]

---

[1] Section 57(b), as amended by Act No. 230, reads as follows: "When the taxpayer does not appeal to the Tax Court of Puerto Rico under the provisions of law, the Treasurer shall proceed to assess the deficiency determined and notified by him, with interest at the rate of six (6) per cent per annum on said deficiency, from the date prescribed for the payment of the first instalment of the tax. When appeal has been taken to the Tax Court of Puerto Rico and said court declares itself *without jurisdiction, in the matter*, or determines that there is a deficiency, the tax determined by the Treasurer or by the Tax Court of Puerto Rico, as the case may be, shall be assessed by the Treasurer with interest at the rate of six (6) per cent per annum, from the date prescribed for the payment of the first instalment of the tax and shall be satisfied in full by the taxpayer on demand of the Treasurer." (Italics ours).

We are unable to agree with this contention of the Treasurer. We never mentioned § 57(b) in passing on this point in the *González Padín* and *Irizarry* cases precisely because it has nothing to do with this problem. Section 57(b), both prior and subsequent to passage of Act No. 230, applies to these situations where the taxpayer does not resort to this Court. Under those circumstances, both where the Tax Court has declared itself without jurisdiction and where it has determined a deficiency on the merits, the Treasurer may proceed to assess and collect the tax because the judgment of the Tax Court is final.

However, in this case the taxpayer took steps to invoke our jurisdiction. Consequently, § 57(b) does not apply. Rather §.76, as amended by Act No. 230 comes into play.[2] In § 76, as amended, the Legislature carefully preserved the rule laid down in the *González Padín* case. It provided that payment of the deficiency when petitioning us for certiorari is required only when the deficiency is "determined" by the Tax Court. And, as already noted, that Court does not "determine" a deficiency when it dismisses a taxpayer's complaint

---

[2] Section 76, as amended by Act No. 230, reads as follows: "Whenever a taxpayer does not agree with the deficiency or part of the deficiency determined by the Tax Court of Puerto Rico and wishes to appeal from said decision to the Supreme Court of Puerto Rico, under the law, he shall, nevertheless, be obliged to pay in full the deficiency so determined, within the term established by law for appealing to said Supreme Court, and non-compliance with this requirement shall deprive the Supreme Court of jurisdiction in the case. If the judgment entered by the Supreme Court is favorable to the taxpayer, the Treasurer shall proceed to refund to him, chargeable to any available funds in the Treasury, the amount of said judgment, plus interest thereon at the rate of six (6) per cent per annum from the date of the filing of the writ of certiorari in said court. If the Treasurer appeals to the Supreme Court from a decision of the Tax Court of Puerto Rico holding that a deficiency determined by the Treasurer does not exist or that the same is less than as determined by said official, and the judgment entered by said court is favorable to the Treasurer, the latter shall assess the tax according to said judgment, plus interest at the rate of six (6) per cent per annum from the date prescribed for the payment of the first instalment of the tax; and the taxpayer shall pay said tax in full on demand of the Treasurer."

for lack of jurisdiction. It was therefore proper for the taxpayer in this case to file his petition for certiorari without paying the deficiency notified by the Treasurer. Accordingly, we shall overrule the motion of the Treasurer to dismiss the proceeding for lack of jurisdiction.[3]

The result we have reached as to the motion of the Treasurer makes it necessary to grant the motion of the taxpayer. Section 76 entitles the taxpayer herein to file a petition for certiorari in this Court without paying the deficiency. If we issue the writ, the Treasurer may not proceed to collect the tax out of the cash bond prior to our decision. If we affirm the decision of the Tax Court, or if we reverse it and after a trial on the merits in the Tax Court the latter determines a deficiency on the merits, the Treasurer will be entitled to collect the deficiency. But until either of these events occur, the Treasurer cannot take any steps to collect the deficiency out of the cash bond. To hold otherwise would be to defeat the remedies provided by law to contest deficiencies.

An order will be entered denying the motion of the Treasurer to dismiss the proceeding for lack of jurisdiction and granting the motion of the taxpayer that we order the Treasurer to restore the sum in question to the cash bond and to refrain from assessing and collecting the deficiency until we have decided the question raised by the petition for certiorari.

---

[3] After the hearing, the Treasurer filed a motion in which he purported to desist from his motion to dismiss on the theory that his action in collecting the tax out of the cash bond was equivalent to payment by the taxpayer, who was thereby entitled to invoke our jurisdiction. But we cannot grant the motion of the Treasurer on this theory in view of our holding that no such payment was necessary. Rather, for the reasons stated in the opinion, the motion of the Treasurer will be denied on the merits.